IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WENDI LEE MICHALK,       )<br>                                             )<br>         Plaintiff,                      )<br>                                             )<br>    v.                                     )<br>                                             )<br>ARTHUR WILLIAM MICHALK, )<br>                                             )<br>         Defendant.                  )<br>_____) | Case No. CV-08-459-S-BLW<br><br>**MEMORANDUM**<br>**DECISION AND ORDER** |

Before the Court is Plaintiff's Petition (Docket No. 6) to Proceed In Forma Pauperis. The Clerk of Court previously conditionally filed Plaintiff's Complaint, subject to review by the Court to determine whether Plaintiff is entitled to proceed in forma pauperis.  For the following reasons, the Court will grant the Petition (Docket No. 2) but dismiss Plaintiff's Petition for Order of Certification of Questions of Law without prejudice.

## ANALYSIS

Pursuant to federal statute, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor."  28 U.S.C.

**Memorandum Decision and Order - Page 1**

§ 1915(a)(1).  In order to qualify for in forma pauperis status, Plaintiff must submit an affidavit that includes a statement of all assets she possesses and that she is unable to pay the fee required.  *Id.*  The Court has reviewed Plaintiff's affidavit, and it appears that good cause exists to grant Plaintiff's request.

However, the Court is required to screen complaints brought by litigants who are granted leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See id.* If the complaint can be saved by amendment, the plaintiff should be provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

The named Defendant in this case is Arthur William Michalk.  However, Petitioner does not state claims against this named Defendant in her initial filing, the Petition for Order of Certification of Questions of Law (Docket No. 1).  It appears that Plaintiff is requesting an Order from this Court regarding legal questions regarding the actions or ruling of the Idaho State Court concerning a state court matter involving the same parties in Plaintiff's case before this Court. Plaintiff's Petition (Docket No. 1) states few facts, but poses a number of legal

**Memorandum Decision and Order - Page 2**

questions, including the constitutionality of requiring payment for service of process or transcription fees, whether Idaho law requires appointment of a guardian ad litem for a child in custody disputes, and whether an Idaho state court must order a risk assessment to address allegations of child abuse.  *See Petition* (Docket No. 1).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570, A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id*., at 556.

In this case, Plaintiff has failed to allege facts demonstrating that the named Defendant, or any unnamed Defendants are in violation of the statutes or

**Memorandum Decision and Order - Page 3**

constitutional provisions she cites in her Petition (Docket No. 1).

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Simpson*, 452 F.3d at 1046. The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

Accordingly, Plaintiff's Petition (Docket No. 1) is dismissed with leave to amend.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Petition (Docket No. 6) to Proceed In Forma Pauperis shall be, and the same is hereby, GRANTED, but Plaintiff's Petition (Docket No. 1) for relief is DISMISSED with leave to amend. Plaintiff will be given until February 20 to file a motion to amend her Petition so as to state a claim on which relief may be granted.

Failure to file such an amendment within that time frame will result in her case being dismissed.



DATED: **January 20, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - Page 5**